Our first case for argument this morning is United States v. Gibbs. Mr. Henderson. Good morning, Your Honor, and may it please the Court. My name is Peter Henderson. I represent Edward Gibbs. The sentencing procedure in this case was deficient. When a drug quantity finding will increase the defendant's sentencing range, that proof of that drug quantity must be proven by reliable evidence. We have procedures in federal court to do that that are prescribed by Rule 32 so that we develop a record before we even get to court. And then at court, the district court can hear evidence, can make reliability findings, and can resolve the dispute. And none of that happened here. Mr. Gibbs properly objected to the naked charge of four and a half kilograms of methamphetamine when the facts in the PSR established about half that amount. The probation office didn't respond, just said, well, the government says there's more. He filed a sentencing memorandum objecting to the amount. Nobody responded. For the first time at the sentencing hearing, the government decided not to call any witnesses, not to submit any statements, and said simply to proffer that that prosecutor had heard from the former prosecutor who had talked to the case agent, who had talked to Mr. Gibbs and Mr. Quintana, and they had made admissions establishing a large quantity of methamphetamine. It caught the defense counsel by surprise. He didn't recall any of that happening. And so the district court was faced with a dispute between the lawyers, making the lawyers into witnesses, as to what actually happened. And didn't the defense counsel, Mr. Henderson, actually say, I'm sure I would have remembered such a large amount being discussed? Exactly, which is, again, I don't think Mr. Gibbs had any notice of that this was the information that was going to be used. I mean, his counsel was clearly dumbstruck at the hearing because, one, it appeared this was the first time he was hearing about this proffer, and two, he didn't remember that even being discussed. So we had a real controversy. Was the proffer recorded in any way? We don't know. Well, surely the defendant knows whether it was recorded, but I think you must be saying we don't know in this record. Correct. We don't know in this record. The inference that I draw from the record is that it wasn't, and that we have case agent notes. In my experience with federal proffers, usually they are not recorded when it's to try to gain cooperation. So that would be my inference, but the record doesn't disclose. So the procedural protections of Rule 32 were evaded here, and as a result, the district court basically just agreed with the government's argument. It treated its lawyers. I'm going to agree with the government because apparently this is what happened. Mr. Henderson, can I ask you? You would not disagree, I assume, that if we were to agree with you and send this back for proper fact findings, the district court might in the end come up with the same finding, given his experience with the co-defendant trials and so on. If that is what the court decides to do, then yes, the court could make that finding with proper evidence. But as we've cited in the Weiss case and the Noble case, what the court has emphasized is the government has the burden of producing this evidence at the sentencing hearing. It doesn't get a do-over when it fails to perform its task at the right time. A sentencing hearing is when you make your proof. If you fail to offer that proof at the sentencing hearing and on appeal, the court decides that there was not sufficient evidence because the government didn't introduce that evidence. I don't think the government gets a second bite of the apple to offer additional proof or additional evidence to support its original contention. It had all the opportunity— In your view, does that leave us with the amounts in the 2.5 or so level? I mean, there is some evidence in the record of quantity. That's right. What we've suggested in our brief and today is that the court remanded with instructions to re-sentence Mr. Gibbs with a base offense level of 36. There is no contention that base offense level should be lower than that, but there was no evidence to support the higher finding either. So we think that the case is most easily resolved on just the government's lack of or failure to sustain its burden of proof. We can get into whether the court's ruling in this case satisfies Rule 32 I.3.B. It seems akin to the Palmer case or the Dean case in which the court basically just credited the government's argument without making reliability findings about the actual evidence. So we think that's a violation of the rule. And of course, going beyond the rule, this all implicates due process. Mr. Gibbs was entitled to a notice of the evidence that was going to be used against him and to prepare for that and to have that evidence represented. Even at a criminal trial, the defendant is not entitled to notice of the evidence. Right, and I think that the notice is provided by Rule 32 and Rule 32 tries to codify some of the due process principles that are implicated. Why don't you just rely on Rule 32 rather than asking us to invent brand new constitutional rules? Oh no, I very much am relying on Rule 32. So just stop there. I'll stop there and I'll reserve the remainder of my time for rebuttal. Thank you. Thank you, Mr. Henderson. Ms. Shields. Good morning, Your Honor, and may it please the Court. Gina Shields for the United States. First, I did want to say that the United States will not be relying on the harmless error argument that we included in our brief. Although it was an attempt to frame the issues in view of the overall result, it was not as helpful as I anticipated. Ms. Shields, I've got just a simple question for you. What evidence supports the sentence in this case? Well, Your Honor... And I mean evidence. I don't mean arguments of counsel. I mean evidence. What evidence? Well, I think if you look at the sentences... Is that evidence in this case? Well, Your Honor, I think that the government made an offer of proof at the sentencing and said, I spoke to the former prosecutor, I spoke to the case agent, and I have written notes, all of which verify the proper statements in... put the prosecution to its proof. We want evidence. And at that point, what evidence does the prosecutor offer? My best reading of this record is none. Where's the evidence? An offer of proof is not proof. Well, Your Honor, at sentencing, the court can look at a wide variety of information that is evidence of record, right? In most criminal cases, the allegations at sentencing are not being contested. Here they were. And to prove something by a preponderance of the evidence, there must be evidence. That seems a problem. Well, Your Honor, I... Again, the government made an offer of proof. But you never... I think just to belabor it, actually, to spell it out, what Judge Easterbrook is saying is you never called the case agent, you never showed where these numbers and where this information was coming from. Perhaps, as you're saying, you could easily have done so, but you didn't for some reason. And so the record was position... To take it above the 36, I think that's actually an important factor, to take it above offense level 36. Your Honor, again, there was the offer of proof, and we... Look, this is a very simple question. Do you think an offer of proof and actual evidence are the same thing? An offer of proof says, we think we could prove X. That's fine. Then you have to prove it. Well, I don't think that the defense counsel ever rebutted that offer of proof. You don't... The district court... Look, look, there are some fundamental problems going on here. You do not rebut an offer of proof. All the defendant needs to do is call for evidence, which the defendant did. And at that point, the prosecution has to produce evidence. And an offer of proof is an offer to produce evidence, but it's not evidence. I don't think these are great, deep complexities. So, I do want to say that this appeal is not about shifting burdens. It's about what the government must do to fulfill its burden of proof. Here, the government made the offer of proof. It gave defense counsel a chance to... I guess I'm... I won't keep asking the same question. But do you think that an offer of proof... No, it's an offer of proof. Yeah, it's an offer to produce evidence. And then having made the offer, the prosecution produced exactly no evidence. As I say, that's a problem. Well, Your Honor, I will point out that there's other evidence in the record that supports the... over the 4.5 kilograms of methamphetamine. If you look at the PCR, the statements by Mr. Gibbs' wife, the sheer fact that this conspiracy lasted for over 11 months, and defense... and Mr. Gibbs would have us focus on only the amounts that were recovered or that... But you never relied on that before the district court. It was a completely different theory of relevant conduct, which the defense also might have found some way to counter, had you relied on it. There is a fairly well-tested rule that the government can't rely on information that's not brought before the district court, not argued before the district court. Correct, Your Honor. The district court also was aware of this issue, and he specifically asked defense counsel, are you saying that Mr. Gibbs did not say that, or just that you can't recall? Defense counsel merely responded, I can't recall it at this point. But you're accusing him of not introducing evidence. I mean, I thought that that was a candid response on the part of defense counsel. He did add, and boy, I think I would have recalled numbers like this. But he's not going to tell the judge he remembers something that you say happened that apparently he was part of if he honestly doesn't remember it. I don't think that that's evidence against him. Doesn't mean that everything he can't recall. I mean, you could have said 100 kilos, and he didn't recall that either. So besides Mr. Gibbs's proffer statement, we also have Mr. Quintana's proffer statement, which is not... When you say besides Gibbs's proffer statement, is his proffer in the record in some way? No, Your Honor. Then you don't have his proffer statement. You could have put on the stand somebody to testify saying, I was there, and this is what was said, but that didn't happen. There is apparently no recording and no transcript. Your Honor, due process requires Mr. Gibbs to a fair hearing, not a perfect one. So before you go into that, Ms. Shields, and how imperfect this may have been, do you agree with what Judge Easterbrook just said, that there is, in fact, no transcript and no recording of the proffer proceedings? Do we know that? Is that in the record or somehow something we can rely on? It's not in the record of this case, and I don't know if an audio or video or anything was made of that proffer. So the best you would have would be to put on the stand a person who was involved in that conversation, since reliable hearsay is acceptable sentencing, so that problem would be solved. But you didn't do that. Correct. We did not do that at the sentencing. We would ask that if the court does choose to remand this case, which, as we've set forth in our brief, we don't think is necessary, that the government be, that another sentencing be held and the government be permitted to put on further evidence. Why should there be another hearing? The prosecution had a full opportunity to present all the evidence it wanted to present, and it turns out it wanted to present none at all. Your Honor— If this were a civil trial, there is no doubt that the plaintiff, having presented no evidence at a critical point, would simply lose. Why should things be done differently here? Well, because the, we, the government, I would argue the government was not given a first chance because— It was given every chance. This was a sentencing proceeding. The allegations were contested, and then you come to court with proof. I certainly see nothing in this record to indicate that Judge Young was trying to shut the government off from providing that proof. No, Your Honor, and if you look at, you know, Judge Young's rulings, he made explicit findings. He relied on the offer of proof by the government. He heard argument on the objection on both sides, and he specifically questioned defense counsel about the statements in the proffer, asked him if they, if Mr. Gibbs said that. At that point, if Mr. Gibbs' attorney had said he did not that, then we would, then the government would have no choice but to put on evidence to dispute, to prove up that point. However, that is not the situation that occurred at the sentencing, and because Mr. Gibbs' sentence is corroborated by his co-defendant's sentence and the other from the district court sentence in all respects. What was he convicted of? Conspiracy to distribute methamphetamine ice. Say that again. Conspiracy to distribute meth. Thank you. All right. Anything further, Mr. Henderson? Unless the court has further questions, I'll return the balance of my time. Thank you. Thank you very much. The case is taken under advisement.